635 F.Supp. 197 (1986)
Carol DAVIS, Plaintiff,
v.
CITY OF CHARLESTON, MISSOURI; Kim Smith, Individually and As a Police Officer of the City of Charleston, Missouri; Sgt. Claude Grant, Individually and As a Police Officer of the City of Charleston, Missouri; and Edward C. Graham, Defendants.
No. S 84-283 C(D).
United States District Court, E.D. Missouri, Southeastern Division.
May 6, 1986.
*198 Eric E. Vickers, Vickers, Moore & Wiest, P.C., St. Louis, Mo., for plaintiff.
John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., William L. Webster, Atty. Gen. by Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon defendant Graham's motion to amend judgment and plaintiff's motion for payment of attorney's fees and costs.
This Court granted summary judgment against the Honorable Edward C. Graham for sentencing plaintiff to a jail term for criminal contempt. The Court granted the summary judgment against Judge Graham because he failed to conduct a hearing to determine the cause of plaintiff's failure to pay the fine previously imposed.
Defendant correctly asserts that the allegation concerning this issue was not specifically within the scope of plaintiff's original complaint and, thus, defendant did not have a full opportunity to respond to plaintiff's charges.[1] By entertaining defendant's motion this day, the Court now affords defendant the opportunity to fully respond.
Defendant asserts that while he did not hold a formal hearing, he complied with all federal and state laws by issuing an order to appear and show cause why the fine would not be paid, or in the alternative, to pay the fine on November 26, 1984. This, defendant claims, gave the plaintiff an opportunity for a hearing to establish why she failed to pay the fine within the thirty (30) days granted or to pay the fine.
The Court cannot agree with defendant's conclusion. It is true that defendant set a date by which plaintiff was to *199 have paid her fine or show cause why the fine should not be paid. On the appointed day, plaintiff informed the Court, albeit by phone, that she did not have the money to pay the fine. At this point plaintiff raised at least an inference that the reason for non-payment was one of poverty rather than one of contempt. Defendant nevertheless ordered plaintiff incarcerated rather than hold an "on the record" hearing to conclusively determine the reason for nonpayment. This simply is not the intent of MORS § 560.031.
As stated in this Court's Memorandum and Order dated March 28, 1986:
It must be remembered that the remedy § 560.031 intends is not an imprisonment for non-payment of fine as such, but a penalty by contempt of court for the failure to obey  either intentionally or by want of good-faith effort to complythe sentence of the court. The very purpose of the § 560.031 enactment was to avoid the constitutional peril of the unequal protection of the laws that peremptory confinement in lieu of non-payment of a fine works against an indegent. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Hendrix v. Lark, 482 S.W.2d 427, 428[1] (Mo. Banc 1972); See, repealed §§ 543.270 and 546.830.
By ordering plaintiff's incarceration without a hearing after plaintiff had raised at least an inference of poverty, defendant infringed upon plaintiff's right to equal protection of the laws. It was for this reason that the Court entered judgment against defendant and ordered the injunctive relief requiring defendant to hold hearings in the future.
The Court finds, however, that its judgment needs further clarification. If plaintiff had made no attempt to communicate her poverty to the Court and merely ignored defendant's order, there would be no need for defendant to provide a hearing. Plaintiff, by her inaction, would have raised a clear inference of contempt and defendant's order of incarceration would have been just and proper. Under the circumstances at bar, however, there was no possible way to conclusively find that plaintiff's failure to pay the fine was intentional or from a lack of good-faith effort. Without such a finding, defendant violated plaintiff's right to equal protection of the law when he ordered her incarceration. Defendant's motion raises no new issues of fact such that summary judgment would no longer be appropriate. Thus, this Court's entry of judgment dated March 28, 1986 will stand and defendant's motion to amend judgment will be denied.
The Court now turns its attention to plaintiff's motion for payment of attorney's fees and costs. It is without question that plaintiff is a prevailing party and is entitled to reasonable fees and costs pursuant to 42 U.S.C. § 1988. The fact that defendant is a State Circuit Court Judge does not affect plaintiff's entitlement to fees pursuant to 42 U.S.C. § 1988 under the Supreme Court's recent ruling. Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Further, the fact that plaintiff obtained injunctive relief does not preclude plaintiff from obtaining attorney's fees as a prevailing party. Id.
Petitioner has filed a detailed statement of services rendered and represents to the Court that he expended 87.75 hours. Petitioner arrived at a loadstar figure of Eight Thousand Three Hundred Thirty Six Dollars and Twenty Five Cents ($8,336.25) by multiplying an hourly rate of Ninety Five Dollars ($95.00) per hour by the number of hours expended. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Petitioner seeks to enhance his fee award by a factor of 2.2 as is permissable based upon consideration of various factors. Id. See also Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Petitioner finally requests costs and expenses in the amount of Three Hundred Nineteen Dollars and Forty Cents ($319.40). Although petitioner is entitled to fees and costs, the Court finds that the amount requested is not reasonable for two reasons.
*200 First, the issue upon which plaintiff prevailed was not introduced until March 12, 1986 in plaintiff's motion for summary judgment. Thus, all time for services rendered prior to March 12, 1986 was expended on issues upon which plaintiff did not prevail. The Eighth Circuit Court of Appeals in an en banc decision has held that a civil rights plaintiff may be a prevailing party and still, because of her failure to prevail on other issues, not receive full compensation for all time and expenses invested in the case. Fast v. School Dist. of City of Ladue, 728 F.2d 1030, 1033 (en banc) (8th Cir.1984). Clearly, petitioner is not entitled to compensation for time and expenses incurred in pursuit of unsuccessful claims.
Moreover, plaintiff's March 12 motion for summary judgment was comprised of two issues, upon only one of which plaintiff prevailed. Petitioner claims 6 hours preparation to file said motion. Because plaintiff only prevailed on half of the issues, the Court will allow 3 hours for purposes of determining petitioner's fee. The Court will also allow the 3 hours indicated as being spent responding to various motions subsequent to March 12, 1986. Thus, the Court will allow a total of 6 hours to be used in calculating the loadstar figure.
Second, petitioner wishes to use an hourly figure of Ninety Five Dollars ($95.00) to calculate the loadstar figure.
In general, a reasonable hourly rate would be the ordinary fee for similar work in the community. See Allen v. Amalgamated Transit Union Local 788, 554 F.2d 876 (8th Cir.), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977); Avalon Cinema Corp. v. Thompson, 689 F.2d 137 (8th Cir.1982). This Court previously held that the reasonable community rate in Southeast, Missouri is Sixty Dollars ($60.00) per hour. Patterson v. Rafferty, No. S 82-31 C (E.D.Mo. 10/24/85) (Wangelin J.) ($60-$65 attorney fees allowed for prisoner's class action contesting conditions in the Mississippi County Jail). The Court recognizes that Mr. Vickers is a St. Louis attorney and would like to be compensated at St. Louis rates. However, there has been no showing that the same result could not have been obtained by local counsel. Petitioner in the instant case has not demonstrated any reason for compensation at a rate higher than Sixty Dollars ($60.00) and, thus, Sixty Dollars ($60.00) per hour will be used to calculate the loadstar figure. In accordance with the foregoing, the loadstar figure is Three Hundred Sixty Dollars ($360.00) which is the product of multiplying 6 hours by Sixty Dollars ($60.00) per hour.
Petitioner next seeks to multiply the loadstar figure by 2.2. due to the difficulty and risks involved in the case. The Court cannot agree. Plaintiff prevailed on summary judgment and never even had to speak in open court. The issue upon which plaintiff prevailed was not raised until the last hour such that any claim that petitioner spent large amounts of time to the exclusion of other employment is meritless as time spent was unnecessary. Moreover, even if all 87.75 hours were allowed, 87.75 hours work spread over five (5) months cannot be said to have precluded petitioner from accepting other clients. Further, petitioner's claim that this matter involves novel or unique issues is also without merit. In fact, petitioner admits that the Supreme Court ruled on many of the "unique" issues raised herein at least four (4) months prior to commencement of this action. See Pulliam v. Allen, supra. The statute and its legislative history establish that the product of reasonable hours times a reasonable rate normally provides a reasonable attorney's fee, but in some cases of exceptional success, an enhanced award may be justified. Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). The Court finds no justification for enhancing petitioner's award in the instant case.
Finally, petitioner seeks re-embursement for costs and expenses. As noted, petitioner is not entitled to costs and expenses incurred while pursuing issues upon which plaintiff did not prevail. See Fast School Dist. of City of Ladue, supra. *201 While petitioner did not provide a detailed analysis of costs requested, the Court can make inferences from the Court docket and file. Petitioner conducted no discovery concerning the issue upon which plaintiff prevailed. Further, petitioner made no Court appearances subsequent to filing plaintiff's motion for summary judgment on March 12, 1986.
The Court finds that petitioner is entitled to Sixty Dollars ($60.00) for filing fees. Further, petitioner is entitled to Forty Dollars ($40.00) to cover miscellaneous expenses including mileage, long distance calls, copying costs, postage, and travel expenses related to plaintiff's March 12 motion for summary judgment and subsequent services.
Thus, the Court finds that petitioner is entitled to payment of Three Hundred Sixty Dollars ($360.00) as a reasonable attorney's fee. Petitioner is entitled to an additional One Hundred Dollars ($100.00) for costs and expenses. It will be so ordered.
NOTES
[1] The Court notes initially that a party is entitled to whatever relief is appropriate under the proof, even if that party has not demanded such relief in her pleadings. Fast v. School District of City of Ladue, 728 F.2d 1030, 1033 (en banc) (8th Cir.1984).