917 F.2d 1502
 Carol DAVIS, Appellant,
v.
CITY OF CHARLESTON, MISSOURI; Kim Smith, individually and
as a police officer of the City of Charleston, Missouri;
Sgt. Claude Grant, individually and as a police officer of
the City of Charleston, Missouri; and, Edward C. Graham, Appellees.
 No. 89-2150.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 8, 1990.
Decided Nov. 2, 1990.
 
 Eric E. Vickers, St. Louis, Mo., for appellant.
 John L. Oliver, Jr., Cape Girardeau, Mo., for appellees.
 Before LAY, Chief Judge, BRIGHT and TIMBERS,* Senior Circuit Judges.
 BRIGHT, Senior Circuit Judge.
 
 
 1
 Plaintiff Carol Davis unsuccessfully brought a civil rights action under 42 U.S.C. Sec. 1983 (1988) against several defendants, including the City of Charleston, Missouri, and police officers Kim Smith and Claude Grant, who had arrested Davis. On remand from a prior appeal, Davis v. City of Charleston, 827 F.2d 317 (8th Cir.1987), the district court reconfirmed its prior decision to award $4,591.56 in attorney's fees to the defendant police officers. Davis appeals, asserting that the trial court erred in granting the defendants' motion for attorney's fees. We agree and therefore reverse.
 
 I. BACKGROUND
 
 2
 This case comes to us for the second time. In her first appeal, Davis raised several issues relating to the dismissal of her claim on the merits. In addition, Davis challenged the district court's decision to award attorney's fees of $4,591.56 to the defendant police officers as "prevailing parties" under 42 U.S.C. Sec. 1988 (1988).[1] In that appeal, we affirmed all of the rulings of the district court, except for the fee award to the police officers. As to the fee issue, we remanded to the district court. For background, we restate our holding applicable to this appeal:
 
 
 3
 As discussed above, the district court awarded the Officers, as "prevailing parties" under 42 U.S.C. Sec. 1988, $4,591.56 in attorney's fees. Davis argues that the defendants were not entitled to attorney's fees under the proper legal standards for awarding such fees in civil rights actions.
 
 
 4
 Under 42 U.S.C. Sec. 1988, a district court may award attorney's fees and expenses in a section 1983 action upon "well-supported findings" that the suit is "frivolous, unfounded, and vexatiously brought and pursued." American Family Life Assur. Co. of Columbus v. Teasdale, 733 F.2d 559, 569 (8th Cir.1984). See also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 [98 S.Ct. 694, 700, 54 L.Ed.2d 648] ... (1978); Obin v. District No. 9 of the Int'l Ass'n of Machinists and Aerospace Workers, 651 F.2d 574, 577 (8th Cir.1981). The district court awarded the defendants' attorney's fees on the basis of Davis' counsel's alleged failure to conduct discovery after August 8, 1985 (though requesting time to do so), as well as his failure to appear in court for trial on September 30, 1986.
 
 
 5
 Considering the circumstances of this case and the standard enunciated in the above authorities, we believe the trial court entered this award without an adequate basis. First, Davis' counsel contends that he continued to conduct discovery up to March 10, 1986, on which date he received the documents he had requested showing that Officers Grant and Smith were terminated by the Charleston Police Department subsequent to the events giving rise to this litigation. Second, it does not appear that Davis' counsel willfully failed to appear on the fifth trial date set, but rather made every effort to obtain a continuance of this trial date, short of appearing before the district court judge to request one personally or filing a written motion. Finally, and of greatest importance, due to the district court's dismissal of the action upon counsel's failure to appear, Davis was not afforded an opportunity to present evidence or legal arguments to support her section 1983 claims. As the Christiansburg, Teasdale and Obin cases demonstrate, however, an attorney's fee award is properly based upon a complete lack of merits in the plaintiff's claims. From the record before us, we are not prepared to say that Davis could not have established a colorable claim to relief under section 1983 had she been given the opportunity to do so before the district court.
 
 
 6
 Thus, we remand this issue to the district court for a redetermination of the defendants' attorney's fees award in light of these considerations and the standard set forth by the Supreme Court in Christiansburg, and by this court in Teasdale and Obin. On remand, Davis should be allowed the opportunity to submit affidavits or evidence that she believed that she had a claim for relief under section 1983 and that her claims were conceivably of merit. We note that Davis was denied this opportunity due to the district court's dismissal of her action prior to trial and was most likely discouraged from filing a reply to the defendants' second motion for summary judgment by the district court's decision to reset the case for trial only a few days after the defendants filed the motion.
 
 
 7
 Davis, 827 F.2d at 322-23.
 
 
 8
 After some delay in the district court, Davis filed an affidavit to refute the allegation that her suit was groundless. This affidavit recited the following facts. During a voter registration drive, Davis observed a teenage girl, armed with a large stick, initiate an assault against Davis' niece. Davis subsequently approached Sergeant Grant and requested police intervention. Sergeant Grant responded by shouting obscenities at Davis.
 
 
 9
 While Davis was speaking with Sergeant Grant, Officer Smith approached Davis from behind and began choking her with his nightstick. The officers then arrested Davis and charged her with disturbing the peace. According to Davis, she did nothing to provoke the physical attack or the ensuing arrest. As a result of the arrest, Davis spent seven days in jail and received a criminal conviction. Davis concluded her statement by saying that she had provided her attorney a list of witnesses who would verify that she had not interfered with the police officers.
 
 
 10
 The district court nevertheless reinstated the full award of $4,591.56 in attorney's fees for the defendants, stating:
 
 
 11
 Plaintiff was given ample opportunity to establish by way of affidavit or evidence that she had pursued a meritorious claim against defendant officers. Plaintiff, however, never filed any affidavits. The Court can only conclude, therefore, that such affidavits do not exist to support plaintiff's claim that defendant officers used excessive force, or arrested plaintiff without probable cause. Defendant officers on the other hand have amply supplied the Court with the necessary evidence to support a finding that plaintiff's complaint lacked merit. Accordingly, the District Court's award of $4,591.56 in attorney's fees and costs to defendant officers remains intact.
 
 
 12
 Davis v. City of Charleston, 715 F.Supp. 263, 265-66 (E.D.Mo.1989).
 
 II. DISCUSSION
 
 13
 The award of fees cannot stand. In Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 415-22, 98 S.Ct. 694, 697-701, 54 L.Ed.2d 648 (1978), the Court ruled that more rigorous standards apply for fee awards to prevailing defendants than to prevailing plaintiffs in Title VII cases, see 42 U.S.C. Sec. 2000e (1988). Under the standard enunciated in Christiansburg Garment Co., "a plaintiff should not be assessed [her] opponent's attorney's fees unless a court finds that [her] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." 434 U.S. at 422, 98 S.Ct. at 701. Accord Obin v. District No. 9 of Int'l Ass'n of Machinists, 651 F.2d 574, 576-78 (8th Cir.1981).
 
 
 14
 Although Christiansburg Garment Co. dealt with fee awards under Title VII, the principles set forth in that case likewise apply to requests for attorney's fees in civil rights actions covered by section 1988. See Hensley v. Eckerhart, 461 U.S. 424, 429 & n. 2, 103 S.Ct. 1933, 1937 & n. 2, 76 L.Ed.2d 40 (1983) (dictum); Bass v. Southwestern Bell Tel., 817 F.2d 44, 47 (8th Cir.1987). Accordingly, to prevail on their requests for attorney's fees, the defendants must show that the evidence provided a basis for " 'well-supported findings' that the suit is 'frivolous, unfounded, and vexatiously brought and pursued.' " Davis, 827 F.2d at 322 (quoting American Family Life Assurance Co. v. Teasdale, 733 F.2d 559, 569 (8th Cir.1984)).
 
 
 15
 In examining Davis' suit, certain facts remain undisputed. In separate affidavits, both Officer Smith and Sergeant Grant admitted arresting Davis following an altercation between two juveniles. Both officers also conceded that Officer Smith employed at least some force in effecting Davis' arrest. Moreover, Officer Smith, a relatively inexperienced police officer, admitted forcibly restraining Davis by "wrap[ping] my arms around her and [holding] her against the car." Appendix, Sec. 2 (affidavit of Kim Smith).
 
 
 16
 Under the circumstances, we cannot say that Davis' cause lacked any merit. Combined with Davis' affidavit, the officers' statements presented a fact issue as to whether they lawfully arrested Davis or used excessive force in arresting her. The evidence of record thus suffices to overcome the bases for any finding that Davis' claim was frivolous, unfounded or vexatiously brought. Cf. Obin, 651 F.2d at 586-87.
 
 III. CONCLUSION
 
 17
 We reverse and remand for entry of a corrected judgment omitting the award of attorney's fees against Ms. Davis.
 
 
 
 *
 The HONORABLE WILLIAM H. TIMBERS, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Technically, the district court awarded the defendant police officers attorney's fees and costs in the amount of $4,591.56. Davis v. City of Charleston, 715 F.Supp. 263, 266 (E.D.Mo.1989). According to the record, however, appellees claimed the entire $4,591.56 "as and for their attorney's fees." Appendix, Sec. 5 (Motion to Reassess Costs)