**Carol DAVIS, Plaintiff,**

v.

**CITY OF CHARLESTON, MO.; Kim Smith, Individually and As a Police Officer of the City of Charleston, Missouri; Sgt. Claude Grant, Individually and As a Police Officer of the City of Charleston, Missouri, Defendants.**

**No. S 84–283 C (5).**

United States District Court,
E.D. Missouri, S.D.

June 2, 1989.

Eric E. Vickers, Vickers, Moore & Wiest, P.C., St. Louis, Mo., for plaintiff.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for defendants.

### ORDER

LIMBAUGH, District Judge.

This matter is before the Court for reconsideration of an award of attorney's

fees pursuant to a mandate by the Eighth Circuit Court of Appeals. The underlying facts, as briefly as possible, are as follows. Carol Davis was driving her car when she spotted her teenage niece on a street corner in a fight with another teenager. By the time she reached her niece, two police officers had arrived on the scene. They placed Ms. Davis' niece in the police car. Apparently when Ms. Davis attempted to get into the car with her niece to accompany her down to the police station, the police officers arrested her for disturbing the peace. Ms. Davis and the police officers recount conflicting stories of what occurred between Ms. Davis and the police officers prior to the arrest.

Ms. Davis was not represented by counsel at her state court hearing but requested that the presiding judge appoint counsel for her. The judge denied the request. The court found Ms. Davis guilty on the peace disturbance charge and fined her $200.00 plus costs. The court informed her that she had one month to pay the fine or show cause why she should not be imprisoned for non-payment. On the day her time expired, she called the clerk of the court to inform her that she could not pay the fine. The court then issued a warrant for her arrest, ordering her to spend fourteen days in jail for nonpayment of the fine, and costs. Ms. Davis was released after seven days.

Upon her release, plaintiff filed suit against the police officers alleging that they unlawfully arrested her, took her into custody without informing her of her Miranda rights, used excessive force against her during her arrest, and misrepresented under oath at the state court trial the facts giving rise to her arrest. Plaintiff also alleged *Monell* liability against the City of Charleston. Last, plaintiff alleged that Judge Graham, the state court judge, violated her constitutional rights for imprisoning her for non-payment of the fine without a hearing.

On August 8, 1985, the officers and the City of Charleston filed their first motion for summary judgment. District Court Judge H. Kenneth Wangelin denied the mo-

tion because plaintiff requested additional time for discovery. The trial was set for March 10, 1986. Prior to the trial date, the officers and the City filed their second motion for summary judgment. The District Court reset the trial date and granted the City's motion. The Court did not rule on the officer's motion at that time, however. From that time on, the trial was reset four more times. Due to a scheduling conflict, plaintiff's counsel asked for a continuance of the fifth trial setting. It is unclear what transpired as a result of the request. Regardless, on the morning of September 30, 1986, the trial date, neither plaintiff nor her attorney appeared for trial. The officers orally renewed their motion for summary judgment and the Court granted said motion. The Court noted that plaintiff's alleged constitutional violation was neither supported by the facts of her arrest nor by the law. The Court subsequently awarded the officers $4,591.56 in attorney's fees and costs.

As to the plaintiff's case against the judge, the Court had granted plaintiff's motion for partial summary judgment on the grounds that the judge's failure to conduct a hearing to determine why plaintiff failed to pay her fine before imprisoning her denied plaintiff equal protection of the law. The Court awarded plaintiff $460.56 in attorney's fees for her success in this action.

On appeal, the Eighth Circuit held that the District Court's rulings on the summary judgment motions were proper. The Circuit Court, however, remanded the case to the District Court for a reconsideration of the attorney's fees awards. Regarding the award to the defendant officers, the District Court had awarded fees based upon a determination that the suit was frivolous, unfounded and vexatiously brought and pursued. The District Court reached this decision because plaintiff failed to conduct discovery, and failed to appear for the trial setting. The Eighth Circuit, however, held that it was unclear whether plaintiff could have established a colorable claim for relief under § 1983 had she been given the opportunity to so do before the District Court. The Eighth Cir-

cuit states that upon remand, the District Court should present plaintiff the opportunity to submit affidavits or evidence supporting her belief that she had a claim for relief under § 1983, and that her claims were conceivably with merit. 827 F.2d 317.

Regarding the Court's award of attorney's fees to plaintiff, the Circuit Court remanded the case to reconsider the amount awarded in light of the fact that the attorney should have been paid $75.00 per hour instead of $65.00 per hour, which the District Court had ordered. The District Court had reduced the hourly wage to $65.00 per hour based upon a determination that the ordinary fee for similar work in the relevant community of Cape Girardeau was $60.00. Also, the Court recognized that plaintiff had prevailed on an issue that she raised relatively late in the litigation process, and the prevailing issue was only one of the two issues she raised in the summary judgment motion. The award also included an additional three hours for time spent responding to motions filed subsequent to the summary judgment motion, and $100.00 in filing fees and miscellaneous expenses.

The Eighth Circuit noted first that the District Court had awarded the defendants a $75.00 per hour fee, while only awarding plaintiff $65.00 per hour. Also, the Appellate Court did not believe that the two issues on summary judgment were easily untangled so as to be able to draw a line between the work completed on them. Thus, the Circuit Court remanded the case for a determination of the appropriate number of hours for which plaintiff should be awarded attorney's fees and for an entry of a fee award based upon that number of hours times the reasonable hourly rate of $75.00.

This matter was remanded to this Court on October 22, 1987. On March 30, 1988 this Court ordered that the parties file briefs with the Court regarding the issue of attorney's fees, as was remanded by the Court of Appeals. On April 1, 1988, defendant officers filed their motion to reassess costs with a memorandum in support thereof. April 18, 1988 defendant Graham filed

his brief on attorney's fees. Plaintiff filed her memorandum regarding attorney's fees on April 19, 1989. Although plaintiff had filed her memorandum, she failed to file any affidavits in support of her position as suggested by the Eighth Circuit. On May 5, 1988 this Court ordered that plaintiff submit an affidavit or affidavits in support of the factual merits of her claims against the officers so that the Court could reach a determination on whether plaintiff had a colorable claim against defendant officers. The Court granted plaintiff an additional thirty days to provide such information.

On June 8, 1988, plaintiff filed her sworn statement. In that statement she stated that she came upon an altercation between her niece and another girl. Two police officers were there, but appeared not to be doing anything. When she asked one of the officers why he was not reacting, the other officer came up from behind her and began choking her around the neck with his nightstick. He then arrested her for interfering with a police officer even though she did not do anything. She then stated in her affidavit that "I provided to my attorney a list of witnesses who would testify that I did not interfere with the police officers as they claimed." Plaintiff also requested an additional time period in which to file a comprehensive breakdown of all time expended on this case. No further documents were forthcoming.

It has been numerous months since the last documents were filed in this action. The Court must now reach a determination regarding attorney's fees. First, regarding the award to defendant officers. Plaintiff was given ample opportunity to establish by way of affidavit or evidence that she had pursued a meritorious claim against defendant officers. Plaintiff, however, never filed any affidavits. The Court can only conclude, therefore, that such affidavits do not exist to support plaintiff's claim that defendant officers used excessive force, or arrested plaintiff without probable cause. Defendant officers on the other hand have amply supplied the Court with the necessary evidence to support a finding that plaintiff's complaint lacked

merit. Accordingly, the District Court's award of $4,591.56 in attorney's fees and costs to defendant officers remains intact.

■ With regard to the Court's award to plaintiff, plaintiff contends that she is entitled to be compensated for 87.75 hours of work at $75.00 per hour, in addition to $319.40 in costs. Plaintiff's position is that the Eighth Circuit stated that the issues within plaintiff's summary judgment motion are not easily severable. Accordingly, plaintiff should be reimbursed for the entire amount of time spent on the entire action. Although the Court must take into consideration the Eighth Circuit's ruling that the two issues in plaintiff's summary judgment motion are not easily severable, that does not mean that plaintiff is entitled to compensation for the entire amount of time spent on plaintiff's case. Numerous months ago, this Court ordered that plaintiff file a comprehensive breakdown of the hours expended on plaintiff's case. Plaintiff has failed to do so. This Court, however, is unable to reach a decision regarding plaintiff's attorney compensation until it has such figures before it. Accordingly, the Court will not rule on plaintiff's attorney's fees until such time as plaintiff files the requested documents.

IT IS THEREFORE ORDERED that defendant officers are awarded attorney's fees and costs in the amount of $4,591.56.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees is held in abeyance indefinitely until such time as plaintiff files a comprehensive breakdown of the time expended on plaintiff's case.