*649 GRAVES, Circuit Judge,
dissenting in part.
I would conclude that Terrance La-vigne’s disparate compensation claims before October 26, 2010, were not waived. I would further conclude that Lavigne’s retaliation claim related back to his initial charge. Because I would reverse the district court on these issues and remand, I respectfully dissent in part.
On March 28, 2011, just six days after he was fired, Lavigne completed an intake questionnaire and initiated a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Cajun Deep Foundation^ L.L.C. This is supported by the EEOC Charge Transmittal document dated August 26, 2011, which states that it received the charge of discrimination on March 28, 2011. Under the Code of Federal Regulations, “a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.” 29 C.F.R. § 1601.12(b). See also 42 U.S.C. § 2000e-5(b).
Further, the record in this matter does not support the majority’s conclusion that Lavigne waived this issue and only raises it for the first time on appeal. Lavigne argues in his brief that the district court erred in not using the “earlier date that the Plaintiff completed the EEOC Intake Questionnaire and a charge of discrimination.” (Emphasis added). In his opposition to Cajun Deep’s motion for summary judgment, Lavigne asserted that he immediately “contacted the EEOC to file a charge of discrimination against the Defendant. (Exhibit 9 ‘Form Indicating EEOC Receipt of the Plaintiffs Complaint’).”[1] Exhibit 9 is the transmittal document which clearly states that the charge was received on March 28, 2011. Thus, Lavigne in no way waived this issue and did, in fact, raise it in opposition to summary judgment.[2]
Accordingly, I would conclude that March 28, 2011, is the date of the charge of discrimination, as opposed to August 22, 2011, which was merely the date the formal signed charge was returned.
Regardless, even if the charge did not relate back to March 28, 2011, there would need to be an analysis of whether the facts justify equitable tolling. See Taylor v. Gen. Tel. Co. of the Sw., 769 F.2d 437, 442 (5th Cir. 1985).[3] As stated above, Lavigne im *650 mediately went to the EEOC (within six days of being fired) and filed his charge. He asserts that the EEOC was understaffed and that it took them until August 22, 2011, to get the formal written charging document back to him for a signature and that he returned it the following day. He was required to go through the step of filing a charge with the EEOC before proceeding with an action and he conscientiously did so. He should not then be punished for any administrative delay. Thus, even if the charge did not relate back to March 28, 2011, which is the date of the charge according to EEOC documents, then Lavigne would be entitled to equitable tolling.
For these reasons, I would conclude that summary judgment was not appropriate on this issue and I would reverse the district court.
With regard to Lavigne’s retaliation claim, on the formal charge of discrimination, Lavigne checked the box for discrimination on the basis of race, but did not check the box for retaliation. He also set out the following particulars:
I. Respondent, Cajun Deep Foundations LLC, hired me on August 18, 2005 as a helper/laborer. Since 2009, I have been working for the company as a Crew Supervisor. During the period of employment with the company, I have been subjected to unfair terms and conditions of employment because of my race (Black).
II. On February 7, 2011,1 [sic] suspended for 3 days for striking an 1-310 overpass with an excavator. I was also required to take a drug test. The white counterparts who have been involved in similar accidents have not been suspended or required to take a drug test. I am also not receiving a Supervisor’s pay even though I have a supervising job. Other Supervisors of a different race have received pay increases because of their Supervisory tasks.
III.I believe that I have been discriminated against because of my Race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended, because my white counterparts are treated favorably better under similar circumstances.
The “amended” charge of discrimination states the same particulars, also does not have the retaliation box checked and has an attached sheet amending the charge to include the following:
On March 22, 2011, I was wrongfully terminated for violating company policy, including
1) standing too close to an open excavation; 2) having an accident while operating heavy equipment; 3) my driving record; 4) Also, because I sought to be paid at the same rate as that of a job superintendent for the times I had already worked or would work, in the future, in that capacity.
I believe I have been discriminated against because of my race, Black, and retaliated against for opposing unfair employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.
As stated by the majority, the Code of Federal Regulations states that:
*651 A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.
29 C.F.R. § 1601.12(b).
Clearly, the facts supporting Lavigne’s retaliation claim are essentially the same facts complained of in the original charge. Specifically, he is claiming retaliation for complaining about the accident, other unfair terms and conditions of employment, the disparate pay, and for being treated less favorably than white counterparts—all claims that were mentioned in the original charge. Further, since neither written charge has the retaliation box checked, any reliance here on the significance of that is wholly misplaced.
Because the facts supporting Lavigne’s claim of retaliation “grow[ ] out of the subject matter of the original charge” and are essentially the same as those contained in his original charge, I would conclude that his retaliation claim “relate[s] back to the date the charge was first received.” See 29 C.F.R. § 1601.12(b); Manning v. Chevron Chem. Co., 332 F.3d 874, 878-79 (5th Cir. 2003).
Moreover, Cajun Deep concedes in its brief that the “EEOC thoroughly investigated all claims that Plaintiff asserted against Deep Foundations, including, those claims first asserted in his Amended Charge.” This defeats any claim of failure to exhaust on this issue.
Accordingly, I would conclude that the district court erred in granting summary judgment on the basis that that this claim was time-barred.
For these reasons, I respectfully dissent in part.

.The majority dismisses this as an insufficient “vague passing reference.” I disagree. Regardless of the number of times Lavigne specifically stated the phrase "Intake Questionnaire,” his argument centers around the timeliness of his "charge of discrimination” and the two phrases are used interchangeably. The majority further concludes it is unable to engage in the necessary inquiry without the actual "Intake Questionnaire,” However, the record contains evidence that the EEOC says Lavigne made a charge of discrimination on March 28, 2011, and the court is not tasked with determining whether the EEOC erred in making that determination. Nevertheless, any need for a fact-intensive inquiry into the contents of the questionnaire would be yet another reason summary judgment was not appropriate.

. Notwithstanding that I disagree that La-vigne waived this issue and, thus, there would be no need to determine whether there is an exception, I disagree with the majority’s conclusion of whether an exception would otherwise apply.

. The majority asserts that equitable tolling could not apply because Lavigne failed to raise it with the district court. However, a party’s failure to raise equitable tolling in a Title VII case does not preclude the court from sua sponte considering it. Alvarado v. Mine Serv., Ltd., 626 Fed.Appx. 66 (5th Cir. 2015). Additionally, this court is not precluded from considering arguments not raised in the district court when they involve extraordinary circumstances, i.e., "when the issue involved is a pure question of law and a miscar *650 riage of justice would result from our failure to consider it.” N. Alamo Water Supply Corp. v. City of San Juan, 90 F.3d 910, 916 (5th Cir. 1996). The majority also says that, even if equitable tolling could be considered, this is not one of the situations where it would apply. I disagree. According to the EEOC document, Lavigne made a charge on March 28, 2011. The majority now concludes that is false. Thus, that would indicate that the EEOC misled Lavigne about the nature of his rights.